UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LAMON MAXWELL,

        Plaintiff,

  v.

PAUL PENDLETON, et al.,

        Defendants.

NO. CIV. S-06-00013 FCD/CMK

MEMORANDUM AND ORDER

----oo0oo----

This matter comes before the court on (1) defendants Fidelity National Title Company of California ("Fidelity") and Donna Stefani's ("Stefani") motion to dismiss[1] and (2) defendants Paul Pendleton and Tammie Pendleton's ("Pendletons") motion for judgment on the pleadings. In their motion, the Pendletons also

---

[1] Fidelity and Stefani characterize their motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6); however, their motion, in part, seeks dismissal for lack of subject matter jurisdiction and thus, in that respect, the motion is properly considered under Federal Rule of Civil Procedure 12(b)(1).

move to expunge a *lis pendens* recorded by plaintiff Lamon Maxwell ("plaintiff") against the real property at issue herein.[2]

In their respective motions, defendants move for dismissal, arguing plaintiff's complaint fails to state a cognizable civil rights claim against them under 42 U.S.C. § 1983. Alternatively, Fidelity and Stefani seek dismissal on the ground that plaintiff's action is barred by the "Rooker-Feldman" doctrine, which precludes federal district courts from reviewing certain state court decisions.

For the reasons set forth below, the court finds that plaintiff's action against all defendants is barred by Rooker-Feldman[3] and therefore, dismisses the action for lack of subject matter jurisdiction.

**BACKGROUND**

Plaintiff owned a home with his wife, Barbara Maxwell, in joint tenancy. (Pl.'s Compl. for Damages, filed Jan. 4, 2006 ["Compl."], ¶ 8.) The house was located at 5260 Rancho Vista Way, Redding, California. (Id.)

On or about October 26, 1999, Mrs. Maxwell transferred her interest in the home to plaintiff as his separate property. (Id. ¶ 9.) Plaintiff alleges Mrs. Maxwell did so because plaintiff would not let her visit her sick brother in Oregon until the transfer was executed. (Id.) As consideration for

---

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[3] While the Pendletons did not raise Rooker-Feldman in their motion, the court finds the doctrine equally applicable to plaintiff's claims against them.

Mrs. Maxwell's transfer, plaintiff transferred his interest in the couple's automobile to Mrs. Maxwell as her separate property. (Id.)

Thereafter, on October 20, 2000, plaintiff and the Pendletons entered into a contract whereby the Pendletons agreed to purchase plaintiff's home for $149,500.00. (Id. ¶ 10.) However, on or about January 15, 2001, plaintiff realized that he was not the sole owner of the home and therefore, could not sell the property. (Id. ¶ 13.) Plaintiff admitted that he forced his wife to transfer her interest in the home to him so she could use the car to visit her sick brother. (Id.)

Subsequently, plaintiff and the Pendletons, pursuant to the terms of the purchase agreement, arbitrated their dispute over the sale of the home in Shasta County Superior Court. (Id. ¶ 14.) The superior court ruled in favor of the Pendletons and issued an arbitration award, directing plaintiff to complete the sale of the home to the Pendletons ("Arbitration Award").[4] (Id.) The Arbitration Award provided a 45-day escrow period and limited any extensions of the escrow to 10 days, following a superior court order on any motion brought regarding the Award. (Id.)

Pursuant to the Arbitration Award, the Pendletons brought several motions to extend the escrow period. (Id. ¶ 15.) The initial extension complied with the terms of the Arbitration Award, but the Pendletons were still unable to obtain funding

---

[4] The Shasta County Superior Court found that Mrs. Maxwell did not take any steps until approximately one year after plaintiff entered the purchase agreement with the Pendletons, to void the transaction. As such, her failure to assert her rights, taken in conjunction with the lapse of time, barred Mrs. Maxwell from challenging the property transfer to the Pendletons.

3

before the close of the extended period. (Id.)  On the last day of the extension, the Pendletons brought another motion to extend escrow for an additional 30 days. (Id.)  The Shasta County Superior Court granted the motion. (Id.)  Plaintiff contends that, in doing so, the superior court breached the terms of the Arbitration Award. (Id.)

On or about July 16, 2002, the Shasta County Superior Court ordered Susan Null, clerk of the court, as duly appointed Court Commissioner, to sign all necessary documentation for purposes of consummating the sale of the property in lieu of plaintiff's signature. (Id. ¶ 17.)  On the same day, Ms. Null signed the deed to the property on behalf of plaintiff, conveying the property to the Pendletons. (Id. ¶ 18.)  Ms. Null also signed an Installment Note, which required plaintiff to carry 10% of the purchase price, payable in installments to the Pendletons. (Id.)  On August 16, 2002, Fidelity transferred title to the property to the Pendletons.[5] (Id. ¶ 19.)  Four days later, the Pendletons took possession of the property. (Id. ¶ 20.)

Plaintiff appealed the Shasta County Superior Court's order extending the escrow to the Court of Appeal of California, Third Appellate District. (Id. ¶ 21.)  Plaintiff's appeal was unsuccessful. (Id.)  Plaintiff filed another complaint in Shasta County Superior Court, challenging the Installment Note. (Id.

---

[5] The complaint does not disclose the specific roles of Fidelity and Stefani in this dispute.  However, as set forth in their motion papers, Fidelity was the escrow holder and Stefani was the escrow officer.  (Defs.' Fidelity and Stefani Mot. to Dismiss, filed Aug. 7, 2006 ["Mot'n"], at 3:2-3.)

¶ 22.) Plaintiff's complaint was dismissed. (Id.) Plaintiff, again, appealed to the Court of Appeal of California, Third Appellate District, which affirmed the superior court's order of dismissal. (Id.)

In this action, plaintiff asserts that the following events deprived him of his due process rights pursuant to 42 U.S.C. § 1983: (1) the Shasta County Superior Court's 30-day escrow extension; (2) Ms. Null's signing of the Installment Note; (3) Fidelity's transfer of title to the Pendletons; and (4) the Pendleton's possession of the subject property. Based on his federal claim, plaintiff filed a notice of *lis pendens* on the property with the Shasta County Recorder's Office. (Notice of Action Pending, filed Jan. 30, 2006.)

**STANDARD**

A federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983). Rather, the United States Supreme Court is the only federal court with jurisdiction to hear such an appeal. Id. There are only two statutory exceptions to this rule: (1) a federal district court has original jurisdiction to entertain petitions for habeas corpus brought by state prisoners who claim the state court has made an error of federal law; and (2) a federal bankruptcy court has original jurisdiction to void, modify or discharge state judgments. Noel v. Hall, 341 F.3d 1148, 1155 (9th Cir. 2003).

5

Even a federal district court action alleging that a state court's action is *unconstitutional* does not change the rule. See <u>Feldman</u>, 460 U.S. at 486 (stating that district courts do not have jurisdiction over "challenges to state court decisions . . . even if those challenges allege that the state court's action was unconstitutional"). Moreover, claims raised in federal district court need not have been argued in the state judicial proceedings to be barred by the <u>Rooker-Feldman</u> doctrine. <u>Id.</u> at 483-84 n. 16. If federal claims are "inextricably intertwined" with a state court judgment, the federal court may not hear them. <u>Id.</u> "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 25 (1987)(citation omitted).

In <u>Noel v. Hall</u>, the Ninth Circuit summarized the test under <u>Rooker-Feldman</u> as follows:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, <u>Rooker-Feldman</u> bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong, an allegedly illegal act or omission by an adverse party, <u>Rooker-Feldman</u> does not bar jurisdiction.

341 F.3d at 1164. Ultimately then, the <u>Rooker-Feldman</u> doctrine applies "only when the federal plaintiff both asserts as [his] injury legal error or errors by the *state court* and seeks as [his] remedy relief from the *state court judgment*." <u>Kougasian v. TMSL, Inc.</u>, 359 F.3d 1136, 1140 (9th Cir. 2004)(emphasis added).

6

**ANALYSIS**

**A.   Rooker-Feldman Doctrine**

Defendants assert that by this action, plaintiff seeks recovery for the very same alleged wrongful actions for which recovery was sought and denied in the prior state court actions. As such, defendants contend that plaintiff's instant action is barred by the Rooker-Feldman doctrine.

The critical inquiry here is whether plaintiff's federal claim, under § 1983, is "inextricably intertwined" with the previous state court judgments. In analyzing the applicability of the Rooker-Feldman doctrine, the court "pay[s] close attention to the relief sought by the federal court plaintiff," as the doctrine precludes the adjudication of a federal claim that seeks to undo a prior state court judgment. Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003)(citation omitted).

Here, plaintiff contends he was deprived of his due process rights in violation of § 1983. (Compl. ¶¶ 26-29.) In particular, plaintiff argues that the 30-day extension of the Pendletons' escrow violated his due process rights. (Id. ¶ 26.) The Shasta County Superior Court granted the Pendletons' motion to extend escrow pursuant to the Arbitration Award. (Id. ¶ 15.) The Court of Appeal, Third Appellate District affirmed the superior court's order. (Id. ¶ 21.) This court's consideration of the issue would directly review these decisions of the state courts. Such review is clearly barred by the Rooker-Feldman doctrine. See e.g. Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over § 1983

claim seeking, inter alia, implicit reversal of a state trial court action).

Plaintiff also contends that he was deprived of his due process rights when Ms. Null signed the Installment Note on his behalf. (Compl. ¶ 27.) The Shasta County Superior Court directed Ms. Null to sign the Installment Note pursuant to the Arbitration Award. (Id. ¶ 18.) The Court of Appeal, Third Appellate District affirmed the court's order. (Id. ¶ 22.) Again, for this court to consider the issue, it would necessarily review a state court's decision, which is not permitted by Rooker-Feldman. Bianchi, 334 F.3d at 898 (holding a district court may not review a plaintiff's constitutional claims when they are inextricably intertwined with a state court's decision denying the plaintiff relief).

Finally, plaintiff contends that he was deprived his due process rights when Fidelity transferred title to the Pendletons and the Pendletons took possession of the subject property. (Id. ¶¶ 28-29.) These events were the result of the Shasta County Superior Court's Arbitration Award, awarding the property to the Pendletons. (Id. ¶ 14.) In this action, plaintiff seeks return of the property. (Id. at 8:1-4.) If the court provided plaintiff with this remedy, it would directly reverse the Shasta County Superior Court's Arbitration Award. Rooker-Feldman precludes this court from granting such relief, as the court is without jurisdiction to hear a direct appeal from the final judgment of a state court. Kougasian, 359 F.3d 1140 (finding Rooker-Feldman bars a federal court action seeking "relief from [a] state court judgment").

**B.   *Lis Pendens***

In their motion, the Pendletons move to expunge the *lis pendens* recorded by plaintiff against the property. California Code of Civil Procedure § 405.32 provides "the court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim."[6]  "Probable validity" means that the plaintiff will more likely than not obtain a judgment against the defendant on the real property claim. <u>Orange County v. Hongkong and Shanghai Banking Corp. Limited</u>, 52 F.3d 821, 824 (9th Cir. 1995).

Here, plaintiff's claim is barred by the <u>Rooker-Feldman</u> doctrine, as described above. As such, plaintiff will not obtain a judgment against the Pendletons by this federal action, and accordingly, pursuant to § 405.32, the notice of *lis pendens* on the subject property is expunged.

### CONCLUSION

For the foregoing reasons, defendants Fidelity and Stefani's motion to dismiss is GRANTED. Defendants the Pendletons' motion for judgment on the pleadings is GRANTED and the *lis pendens* on the subject property is expunged. The Clerk of the Court is

///
///
///
///
///

---

[6]  28 U.S.C. § 1964 directs this court to apply California law on this issue.

1  directed to close this file.
2       IT IS SO ORDERED.
3  DATED: November 2, 2006.

                    _____
                    FRANK C. DAMRELL, JR.
                    UNITED STATES DISTRICT JUDGE